# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **DIANNE REID,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TREE PARK, LLC, and WILWAT** | ) | |
| **PROPERTIES, INC., BETH HOGAN, in** | ) | **JURY TRIAL DEMANDED** |
| **her official and unofficial capacity, PAM** | ) | |
| **LINEBARIER, in her official and** | ) | |
| **unofficial capacity, RACHEL JUSTICE,** | ) | |
| **in her official and unofficial capacity,** | ) | |
| **CINDY DIEBOLT, in her official and** | ) | |
| **unofficial capacity, and NANCY** | ) | |
| **SPROTT, in her official and unofficial** | ) | |
| **capacity,** | ) | |
|     **Defendants.** | ) | |

## COMPLAINT FOR DAMAGES

Respectfully submitted, Rudjard M. Hayes, Attorney for Plaintiff, Georgia Bar No.

340329, Sanchez Hayes and Associates, LLC, 1015 Tyrone Road, Suite 620,

Tyrone, Georgia 30290, Telephone 770-692-5020, Facsimile 770-692-5030.

COMES NOW Plaintiff Dianne Reid, and files this Complaint for Damages

against Tree Park, LLC; Wilwat Properties, Inc.; Beth Hogan, in her official and

unofficial capacity; Pam Linebarier, in her official and unofficial capacity; Rachel Justice, in her official and unofficial capacity; Cindy Diebolt, in her official and unofficial capacity; and Nancy Sprott, in her official and unofficial capacity (hereinafter collectively referred to as the "Defendants"), showing the Court as follows:

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for failure to pay wages and benefits due and retaliation arising under the Fair Labor Standards Act of 1928, 29 U.S.C. § 201, et seq. ("FLSA"), and for violations of Georgia law. Plaintiff seeks back pay and benefits, liquidated damages, compensatory damages, prejudgment interests, punitive damages, reasonable attorneys' fees and costs, and any and all other relief to which she is entitled by law, more fully described below. Plaintiff has filed charges of discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC") and will supplement this Complaint bringing actions for sexual harassment and retaliation in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and for disability discrimination and retaliation in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101,

et seq. ("ADAAA"), upon receipt of a Right to Sue from the EEOC, which was requested on or about May 24, 2011.

## JURISDICTION AND VENUE

### 1.

Plaintiff brings claims against Defendants pursuant to the FLSA for Defendants' unlawful refusal to pay Plaintiff overtime at the rate of time and one-half, and for discharging Plaintiff in retaliation of Plaintiff's exercise of the rights provided to her under the FLSA. Accordingly, jurisdiction for Plaintiff's claims arising under the FLSA is conferred upon this Court by 29 U.S.C. § 216(b), and is premised upon the provisions of 28 U.S.C. § 1331, this action arising under the laws of the United States, and by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce.

### 2.

Plaintiff also asserts state law tort claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims under the FLSA. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law tort claims pursuant to 28 U.S.C. § 1367(a).

3.

Plaintiff has filed charges of discrimination and retaliation with the EEOC and will supplement this Complaint with said claims under Title VII once the EEOC has issued a notice of Right to Sue. Jurisdiction for Plaintiff's claims arising under Title VII is conferred upon this Court by 42 U.S.C. 2000e, et seq., and is premised upon the provisions of 28 U.S.C. § 1331, this action arising out of the laws of the United States, and 28 U.S.C. § 1343, this action seeking the recovery of damages for the violation of an Act of Congress providing for equal rights of citizens.

4.

Plaintiff has filed charges of discrimination and retaliation with the EEOC and will supplement this Complaint with said claims under the ADAAA once the EEOC has issued a notice of Right to Sue. Jurisdiction for Plaintiff's claims arising under the ADAAA is conferred upon this Court by 42 U.S.C. 2000e, et seq., and is premised upon the provisions of 28 U.S.C. § 1331, this action arising out of the laws of the United States, and 28 U.S.C. § 1343, this action seeking the recovery of damages for the violation of an Act of Congress providing for equal rights of citizens.

5.

Venue in this division of this Court is proper, pursuant to 28 U.S.C. § 1391(b), because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is most convenient to the parties and the witnesses, and this is where Defendants are deemed to reside.

## PARTIES

6.

Plaintiff Dianne Reid (hereinafter "Plaintiff" or "Reid") was a non-exempt employee of Defendants who earned, but did not receive, overtime compensation. Plaintiff worked for Defendants as an Assistant Property Manager at offices located in Flowery Branch, Georgia at all times relevant to this matter.

7.

Plaintiff is a resident of the Northern District of Georgia. Plaintiff submits herself to the jurisdiction of this Court.

8.

Defendant Tree Park, LLC (hereinafter "Tree Park") is a Georgia corporation with its principal place of business located at 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

9.

Defendant Tree Park may be served with process through its registered agent, Michael L. Watkins, 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

10.

Defendant Wilwat Properties, Inc. (hereinafter "Wilwat") is a Georgia corporation with its principal place of business located at 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

11.

Defendant Wilwat may be served with process through its registered agent, Eric S. Wahlen, 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

12.

Upon information and belief, for each of the three years preceding the filing of the initial complaint herein, Defendants Tree Park and Wilwat have employed two or more individuals to handle, sell, or work on goods or materials in interstate commerce.

13.

Defendant Beth Hogan (hereinafter "Hogan") was the Senior Property Manager of Defendants Tree Park and Wilwat at all times relevant to this action.

Defendant Hogan may be served with process at 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

14.

Defendant Pam Linebarier (hereinafter "Linebarier") was the Vice President of Human Resources of Defendants Tree Park and Wilwat at all times relevant to this action. Defendant Linebarier may be served with process at 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

15.

Defendant Rachel Justice (hereinafter "Justice") was the Assistant Manager and Payroll Administrator of Defendants Tree Park and Wilwat at all times relevant to this action. Defendant Justice may be served with process at 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

16.

Defendant Cindy Diebolt (hereinafter "Diebolt") was the Vice President of Operations for Defendant Wilwat at all times relevant to this action. Defendant Diebolt may be served with process at 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

17.

Defendant Nancy Sprott (hereinafter "Sprott") was the Regional Property Manager of Defendants Tree Park and Wilwat at all times relevant to this action. Defendant Sprott may be served with process at 1958 Monroe Drive, N.E., Atlanta, Georgia 30324.

18.

Upon information and belief, Defendant Tree Park and Defendant Wilwat are now, and at all times relevant to this action were, enterprises subject to provisions of the FLSA.

19.

Upon information and belief, Defendants were, at all times relevant to this matter, "employers" as that term is defined by 29 U.S.C. § 203(d).

**FACTUAL ALLEGATIONS**

20.

In or around 2003, Plaintiff was hired by Defendant Wilwat to work at Defendant Wilwat's Tree Summit division. In or around September, 2007, Plaintiff was promoted and began working at Defendant Tree Park as an Assistant Property

Manager. Plaintiff remained in said position until Defendants terminated Plaintiff's employment on or about June 5, 2009.

21.

Plaintiff was, at all times relevant hereto, an "employee" of Defendant Tree Park and/or Defendant Wilwat, as that term is defined by the FLSA.

22.

Plaintiff, at all relevant times, was an employee engaged in interstate commerce expressly covered by the protections of the FLSA.

23.

Plaintiff, at all relevant times, was a non-exempt employee within the meaning of the FLSA.

24.

On or about April 2, 2004, Defendant Tree Park and Defendant Wilwat established a compensation policy (hereinafter the "Compensation Policy") by which all non-exempt employees who worked more than thirty-seven and one-half (37.5) hours per week would receive overtime compensation at a rate of time and one-half of the employee's respective hourly wage.

25.

Throughout her employment, Plaintiff regularly worked for Defendants in excess of thirty-seven and one-half (37.5) hours per week, with the knowledge and consent of Defendant Hogan, and/or Defendant Linebarier, and/or Defendant Justice, and/or Defendant Diebolt, and/or Defendant Sprott.

26.

From the time Plaintiff was hired by Defendants until on or about June 5, 2009, Plaintiff worked for Defendants in excess of forty (40) hours per week, with the knowledge and consent of Defendant Hogan, and/or Defendant Linebarier, and/or Defendant Justice, and/or Defendant Diebolt, and/or Defendant Sprott.

27.

Throughout the relevant period of this lawsuit, Defendants failed and refused to pay Plaintiff overtime for the time Plaintiff worked in excess of thirty-seven and one-half (37.5) hours per week in violation of Defendant Tree Park's and Defendant Wilwat's Compensation Policy.

28.

Throughout the relevant period of this lawsuit, Defendants failed and refused to pay Plaintiff overtime for the time Plaintiff worked in excess of forty (40) hours per week.

29.

Throughout her employment, Plaintiff requested overtime compensation from Defendants for hours worked in excess of thirty-seven and one-half (37.5) and/or forty (40) hours per week. Plaintiff requested such overtime compensation based on her good faith belief that such overtime was due to her pursuant to both the Compensation Policy and the FLSA.

30.

Throughout Plaintiff's employment, Defendants had a practice of changing Plaintiff's time records to inaccurately reflect that Plaintiff worked less than thirty-seven and one-half (37.5) hours per week.

31.

Plaintiff complained that she was denied overtime compensation in:

a) December, 2008;

b) January, 2009;

c) February, 2009;

d) March, 2009;

e) April, 2009; and

f) May, 2009.

32.

Upon each of Plaintiff's requests for rightfully owed overtime compensation, Defendants failed and refused to pay Plaintiff overtime in direct violation of both FLSA and Defendant Tree Park's and Defendant Wilwat's established compensation policy.

33.

Beginning in or around January, 2009, and continuing until the time of Plaintiff's termination, Plaintiff was subject to offensive language of a sexual nature, comments, gestures and jokes regarding Plaintiff's sex, by Plaintiff's supervisors, including but not limited to Defendant Hogan, in retaliation for Plaintiff's complaint that she was denied overtime wages.

34.

The comments to which Plaintiff was subjected were severe, pervasive, and created a hostile work environment.

35.

Specifically, on or about February 19, 2009, Defendant Hogan informed a resident of Wilwat Properties that Plaintiff would date and engage in sexual relations with the resident. Plaintiff complained to Defendant Tree Park and

Defendant Wilwat about Defendant Hogan's inappropriate comments to the resident of Wilwat Properties.

36.

Subsequent to Plaintiff's complaints, and continuing through the remainder of Plaintiff's employment, Defendant Hogan continued to make lewd sexual comments in the workplace.

37.

In or around May, 2009, and continuing until Plaintiff's unlawful termination on or about June 5, 2009, Defendants and/or Defendants' employees and agents made remarks about Plaintiff's mental health and emotional status, and instructed Plaintiff that she should be on medication for the treatment of her alleged psychological conditions and/or mental disorders. Defendants also made jokes and recommendations regarding Plaintiff's perceived mental and emotional condition.

38.

By way of example, on or about May 18, 2009, Defendant Sprott told Plaintiff that Plaintiff needed to be placed on medication for Attention Deficit Disorder.

39.

Plaintiff has never been diagnosed with Attention Deficit Disorder.

40.

Plaintiff complained about Defendant Sprott's comments to Defendant Tree Park and Defendant Wilwat.

41

On or about May 21, 2009, Defendant Justice and Defendant Sprott questioned Plaintiff about her "mental health" and asked Plaintiff what medications the Plaintiff was currently taking.

42.

Plaintiff complained of Defendant Justice's and Defendant Sprott's comments to Defendants Tree Park and Wilwat.

43.

Subsequent to Plaintiff's complaints, Defendants Hogan and Justice required Plaintiff to complete a form wrongfully stating that Defendants Tree Park and Wilwat had attempted to resolve all outstanding issues between Plaintiff and Defendants. This form also required Plaintiff to document any remaining issues between Plaintiff and Defendants that Plaintiff believed had not been resolved by Defendants.

44.

In response to Defendants' request, Plaintiff once again complained that her discrimination, retaliation, and overtime compensation issues had not been resolved.

45.

Plaintiff requested a copy of the form she was required to complete. Defendants Hogan and Justice both denied Plaintiff a copy of the form completed by Plaintiff.

46.

On or about June 5, 2009, Plaintiff's employment with Defendant Tree Summit and Defendant Wilwat was terminated by Defendants Justice and Sprott.

47.

Throughout the relevant period of this lawsuit, Plaintiff had a good faith and reasonable belief that Defendants' conduct violated the FLSA, state law, and Defendant Tree Park's and Defendant Wilwat's Compensation Policy.

48.

Defendants' conduct was in bad faith and there is no evidence that Defendants' conduct was based on a reasonable belief that their conduct did not

violate the FLSA, state law, and Defendant Tree Park's and Defendant Wilwat's Compensation Policy.

49.

Throughout Plaintiff's employment, Defendants knowingly, intentionally, and willfully violated the FLSA by failing to pay Plaintiff the proper overtime compensation to which she was entitled and by terminating Plaintiff's employment in retaliation for Plaintiff's good faith complaints about Defendants' failure to provide Plaintiff overtime compensation for the hours Plaintiff worked in excess of thirty-seven and one-half (37.5) and/or forty (40) hours per week.

50.

As a result of Defendants' lack of response to Plaintiff's complaints, and as a result of Defendants' retaliatory conduct, Plaintiff suffered severe physical and emotional distress which induced severe illness, and required Plaintiff to seek medical attention and to be placed on prescription medication for her illnesses.

51.

Plaintiff's termination was: (i) in retaliation for Plaintiff's complaints to Defendants regarding Defendants' failure and refusal to properly compensate Plaintiff; (ii) in retaliation for Plaintiff's complaints to Defendants regarding Defendants', and/or Defendants' agents and employees, discriminatory comments

regarding Plaintiff's perceived disabilities; (iii) in retaliation for Plaintiff's complaints to Defendants regarding the hostile work environment created by Defendants' and/or Defendants' agents and employees; and/or (iv) based on Plaintiff's perceived disability.

52.

As a result of Defendants' wrongful and retaliatory termination of Plaintiff's employment, Plaintiff continues to suffer severe emotional and physical distress.

## COUNT ONE – CLAIM UNDER 29 U.S.C. § 201, *et seq.*, AGAINST DEFENDANTS, FOR FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA

53.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

54.

Defendants failed and refused to pay Plaintiff overtime compensation for hours worked in excess of thirty-seven-and-a-half (37.5) hours per work week at a rate not less than one and one half times Plaintiff's regular rate of pay, in conscious and reckless violation of Defendant Tree Park's and Defendant Wilwat's established Compensation Policy.

55.

Defendants failed and refused to pay Plaintiff overtime compensation for hours worked in excess of forty (40) hours per week at a rate of not less than one and one half times Plaintiff's regular rate of pay in conscious and reckless violation of the FLSA.

56.

Plaintiff had a good faith belief that she was denied overtime compensation in violation of Defendant Tree Park's and Defendant Wilwat's established Compensation Policy and in violation of the FLSA.

57.

As a direct and proximate result of the above-described conduct, Plaintiff has lost wages in the form of unpaid overtime compensation.

58.

In failing to compensate Plaintiff, despite certain knowledge that they should be doing so, and in amending Plaintiff's time records to reduce the number of hours Plaintiff worked, Defendants have willfully and wantonly disregarded Plaintiff's rights; moreover, Defendants' actions against Plaintiff were undertaken in bad faith, thereby entitling Plaintiff to liquidated damages under 29 U.S.C. §§ 255(a); 216(b).

59.

Defendants' violation of the FLSA gives rise to a claim for relief under the FLSA for Plaintiff's unpaid overtime compensation, and liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

60.

As a direct and proximate result of Defendant Tree Park's and Defendant Wilwat's conduct described herein, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses and other lost benefits, as well as attorneys' fees and costs, as more fully described below. These damages have continued in the past, and are permanent and continuing.

**COUNT TWO – CLAIM ARISING UNDER 29 U.S.C. § 201,** *et seq.***, AGAINST DEFENDANTS, FOR RETALIATION AGAINST PLAINTIFF FOR EXERCISING RIGHTS UNDER THE FAIR LABOR STANDARDS ACT**

61.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

62.

Defendants retaliated against Plaintiff for complaining about Defendants' failure to pay her proper overtime compensation by adversely effecting the terms and conditions of Plaintiff's employment, subjecting her to inappropriate comments with regard to Plaintiff's sex, and by terminating Plaintiff's employment on or about June 5, 2009.

63.

In terminating Plaintiff's employment in retaliation for Plaintiff's repeated complaints to Defendants for their failure and refusal to pay Plaintiff overtime compensation, Defendants willfully violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3).

64.

Defendants' actions and omissions were willful, deliberate, and intended to cause harm, and/or were committed with reckless disregard of the harm caused to Plaintiff, in derogation of Plaintiff's federally protected rights.

65.

As a direct and proximate result of Defendant Tree Park's and Defendant Wilwat's conduct described herein, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, bodily injury, mental

anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses and other lost benefits, as well as attorneys' fees and costs, as more fully described below. These damages have continued in the past, and are permanent and continuing.

## COUNT THREE – CLAIM AGAINST DEFENDANT TREE PARK AND DEFENDANT WILWAT FOR NEGLIGENT HIRING AND RETENTION

### 66.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

### 67.

Defendant Tree Park and/or Defendant Wilwat continued the employment of Defendants Hogan, Linebarrier, Justice, Diebot, and Sprott when Defendant Tree Park and/or Defendant Wilwat knew, or should have known, that their employees: (i) refused to pay Plaintiff in accordance with the FLSA and Defendant Tree Park's and Defendant Wilwat's Compensation Policy; (ii) harassed, discriminated, and/or retaliated against Plaintiff based on her complaints with respect to Defendants' violation of FLSA; (iii) subjected Plaintiff to a hostile work environment; and (iv) retaliated and discriminated against Plaintiff on the basis of Plaintiff's perceived disability.

68.

Notwithstanding Defendant Tree Park and/or Defendant Wilwat's actual or constructive knowledge of Defendants Hogan, Linebarrier, Justice, and Sprott's propensity to harass, discriminate, and/or retaliate against Plaintiff, Defendant Tree Park and/or Defendant Wilwat failed to intercede on Plaintiff's behalf, after Plaintiff complained, Defendant Tree Park and Defendant Wilwat and negligently supervised and retained Defendants Hogan, Linebarrier, Justice, and Sprott, thereby ratifying, condoning, and adopting their conduct, making Defendant Tree Park and/or Defendant Wilwat liable for the negligent supervision and retention of Defendants Hogan, Linebarrier, Justice, and Sprott.

69.

As a direct and proximate result of Defendant Tree Park's and Defendant Wilwat's conduct described herein, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses and other lost benefits, as well as attorneys' fees and costs, as more fully described below. These damages have continued in the past, and are permanent and continuing.

## COUNT FOUR – CLAIM AGAINST DEFENDANTS FOR THE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

71.

Defendants either intended to cause Plaintiff to suffer severe emotional distress, or acted with reckless indifference of a high degree of probability that severe emotional distress would ensue when Defendants: (i) refused to pay Plaintiff in accordance with the FLSA and Defendant Tree Parks' and Defendant Wilwat's established Compensation Policy; (ii) changed Plaintiff's time records so as to avoid paying Plaintiff compensation otherwise due to her; (iii) retaliated against Plaintiff for her lawful complaints regarding the FLSA by subjecting Plaintiff to a hostile work environment;; and (iv) failed to properly respond to Plaintiff's complaints of sexual harassment, discrimination, and retaliation.

72.

Defendants' conduct was extreme and outrageous.

23

73.

As a direct and proximate result of Defendants' retaliatory, discriminatory, and harassing conduct, including Plaintiff's termination after submission of a written complaint, Plaintiff has been injured in mind and body and has suffered severe humiliation, mental anguish, emotional and physical distress, medical expenses and financial loss. These damages have continued in the past and are permanent and continuning.

## COUNT FIVE – PUNITIVE DAMAGES

74.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

75.

Defendants' aforementioned actions and omissions, made unlawful under the FLSA, have shown willful misconduct, malice, fraud, wantonness, oppression, and complete want of care, thus entitling Plaintiff to an award of punitive damages as available by law, on each and every cause of action alleged herein in order to deter, punish, and penalize Defendants for and from such conduct in the future.

## COUNT SIX – ATTORNEYS' FEES UNDER 29 U.S.C. § 216(b)

### 76.

Plaintiff realleges and reincorporates the foregoing paragraphs as if fully set forth herein.

### 77.

Plaintiff is entitled to her attorneys' fees, and any and all other costs and expenses of litigation from Defendants on each and every cause of action alleged herein, because Defendants have acted in bad faith and have caused Plaintiff unnecessary trouble and expense. 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

### 78.

Plaintiff requests a trail by jury on all issues so triable in this action. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment be entered in her favor and against the Defendants, and that this Court:

a) Order Defendant Tree Park and Defendant Wilwat to immediately amend their pay practices so as not to deny non-exempt employees overtime wages when earned;

b) Grant a permanent injunction enjoining Defendant Tree Park, its officers, successors, assigns, and all persons in active concert or participation with them from engaging in any employment actions or practices which retaliate, harass or discriminate against an individual for making a good faith complaint about violation of law, and which retaliate, harass, or discriminate against an individual on the basis of sex or disability, that create a hostile work environment, or that retaliate against individuals who oppose such discrimination;

c) Order Defendants to pay compensatory damages to Plaintiff for injuries sustained as a result of Defendants' illegal actions including, but not limited to: past and future pecuniary losses; back-pay; front-pay; lost benefits, bonuses, and distributions; liquidated damages; emotional distress;

inconvenience; bodily injury; mental anguish; loss of enjoyment of life; and other non-pecuniary losses;

d) Order Defendants to pay special damages to Plaintiff, including but not limited to, damages Plaintiff suffered and continues to suffer as a result of Defendants' unlawful actions and omissions in an amount to be proved at trial;

e) Order Defendants to pay Plaintiff liquidated damages, in accordance with 29 U.S.C. § 216(b);

f) Order Defendants to pay punitive damages to Plaintiff for injuries sustained as a result of Defendants' malicious, intentional, and reckless violations of the FLSA, and injury to Plaintiff's emotional well-being;

g) Order Defendant to pay Plaintiff the reasonable costs attorneys' fees incurred by Plaintiff;

h) Order Defendant to pay Plaintiff all pre-judgment and  post-judgment interest; and

i) Grant such other and further relief that the Court deems just and proper.


Respectfully submitted this 3rd day of June, 2011.

RUDJARD M.HAYES
Georgia Bar No. 340329
rudjard@theconsensusgroup.com
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5023 *telephone*
(770) 692-5030 *facsimile*
rudjard@theconsensusgroup.com

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **DIANNE REID,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TREE PARK, LLC, and WILWAT** | ) | |
| **PROPERTIES, INC., BETH HOGAN, in** | ) | **JURY TRIAL DEMANDED** |
| **her official and unofficial capacity, PAM** | ) | |
| **LINEBARIER, in her official and** | ) | |
| **unofficial capacity, RACHEL JUSTICE,** | ) | |
| **in her official and unofficial capacity,** | ) | |
| **CINDY DIEBOLT, in her official and** | ) | |
| **unofficial capacity, and NANCY** | ) | |
| **SPROTT, in her official and unofficial** | ) | |
| **capacity,** | ) | |
| **Defendants.** | ) | |

## FONT CERTIFICATION

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court pursuant to Local Rule for the Northern District of Georgia 5.1(B).

29

Respectfully submitted this 3rd day of June, 2011.


/s/ Rudjard M. Hayes_____
RUDJARD M.HAYES
Georgia Bar No. 340329
rudjard@theconsensusgroup.com
*Counsel for Plaintiff*

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5023 *telephone*
(770) 692-5030 *facsimile*
rudjard@theconsensusgroup.com